## SCOTT V. FIRE ASSOCIATION OF PHILADELPHIA.

1. A foreign insurance company, which sent a letter to the person acting as insurance commissioner, authorizing him to select a paper in which to publish its annual statement, and agreeing to pay therefor when the publication was completed, is liable therefor, whether the person to whom the letter was sent was a *de jure* or *de facto* commissioner when the contract for publication was made, since the selection of the paper and procuring the publication of the statement are no part of the commissioner's duties.

2. Laws 1897, Chap. 69, § 4, provides that the commissioner of insurance shall not act as a director, officer, agent, or attorney of, or be directly interested in, any insurance company. An insurance company authorized the person acting as insurance commissioner to procure the publication in a newspaper of its annual statement, and agreed to pay therefor when published satisfactorily to the commissioner. *Held,* that the company, after a satisfactory publication, cannot defend an action for the price of the publication on the ground that the commissioner was prohibited from acting as its agent.

(Opinion filed June 1, 1900.)

Appeal from circuit court, Minnehaha county. Hon. JOSEPH W. JONES, Judge.

Action by Mark D. Scott against the Fire Association of Philadelphia. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*J. W. Boyce* and *C. P. Bates,* for appellant.

*Sioux K. Grigsby* and *Davis, Lyon & Gates,* for respondent

FULLER, P. J.   Twenty-one dollars was claimed and recovered by plaintiff, the proprietor of a newspaper, for printing the annual statement of defendant, an insurance company, for the year 1897, and the latter appeals.  The contract upon which respondent relies was made with J. H. Kipp, who at the time was acting as commissioner of insurance and whose authority, if any be possessed to bind appellant, is contained in the following letter: "Chicago, January, 26, 1898.  J. H. Kipp, Commissioner of Insurance:  You are hereby authorized to select the papers and make all necessary arrangements for publication of our annual statement for the year 1897 in the eight judicial circuits in the State of South Dakota, in which the company has an agent.  The company agrees to pay for the publication of said statement at legal rates when the publication is made, satisfactory to you, on presentation of bill for said publication, approved by you.   W. H. Cunningham, Manager Fire Association of Philadelphia."     That the statement was published in strict compliance with law, and in a manner satisfactory to all concerned, is admitted, but appellant seeks to avoid liability for the reason that Kipp was required, by the mandate of this court, to surrender the office of commissioner of insurance on the 5th day of March, 1898, pursuant to an order of removal made by the governor on the 10th day of the month preceding.  Though conceding always the justness of respondent's claim, appellant expressed a desire to avoid "becoming involved in a political fight," and in a letter to respondent dated March 23, 1898, presented the following as its only excuse for delay and non-payment:  "The governor of your state warns us not to pay Kipp's contracts, and the new commissioner makes his demands.  We are adverse to lawsuits and hope none will result

from this complication. We will advise with the governor to-day, and think all will come out right if you will have patience." As the selection of a newspaper in which to publish the annual statement of an insurance company is not a duty imposed upon the commissioner by law, it is needless to determine whether Kipp was an officer *de jure* or *de facto* when the service of which appellant received full benefit was performed. Neither is there, under the circumstances, any merit in the contention that respondent is precluded from a recovery by reason of the following statutory provision: "The commissioner of insurance shall not be a director, officer, agent, attorney, stockholder or directly interested in any insurance company." Section 4, Chap. 69, Laws 1897. Charged with a knowledge of the law, appellant voluntarily accepted the benefit of the printing, and, according to an elementary principle, is in no position to raise a question as to the effect of the foregoing enactment, and its construction at this time is unnecessary. The judgment appealed from is affirmed.